# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| **ANTHONY HARDY, et al.,** <br><br> Plaintiffs, <br><br> v. <br><br> **DISTRICT OF COLUMBIA,** <br><br> Defendant. | Case No. 1:09-cv-01062 (CRC) |

## MEMORANDUM OPINION AND ORDER OF FINAL
## APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs brought this class action in 2009 alleging that the District of Columbia seized and forfeited cash from them without providing adequate notice under the D.C. forfeiture statute and the Fifth Amendment to the U.S. Constitution. After some five years, the parties have reached a proposed settlement and now seek its final approval by the Court. Plaintiffs have also moved for final approval of a fee award to class counsel. In December 2013, Judge Wilkins, who was previously assigned to this case, conditionally certified the class, approved the class notice procedures, and preliminarily approved both the settlement and fee award. In so doing, the Court considered the five factors to be applied in reviewing a proposed class action settlement: "(1) whether the settlement is the result of arm's-length negotiations; (2) the terms of the settlement in relation to the strength of plaintiffs' case; (3) the status of the litigation at the time of the settlement; (4) the reaction of the class; and (5) the opinion of experienced counsel." Radosti v. Envision EMI, LLC, 717 F. Supp. 2d 37, 54 (D.D.C. 2010). The Court found that four of the factors favored approval, but could not determine the reaction of the class to the proposed settlement because notice to the class had not yet been provided and no claims had been submitted or processed. This Court held a fairness hearing on the proposed settlement on June 19, 2014 at which the parties addressed this final factor and other issues.

Since preliminary approval, the claims administrator and plaintiffs' counsel provided notice to and adjudicated claims submitted by class members. Notice was provided by publication in the Washington City Paper; mailing notices to all class members' last known addresses; mailing follow up notices to class members in the top third of forfeited amounts; posting notices at the D.C. jail; and maintaining a website and call number for claimants. Declaration of Matthew J. McDermott, Class Administrator, ¶¶ 4–8. Of the approximately 9,759 class members, the claims administrators processed 14.1% or 1,377 claims. Id. ¶ 11. The total approved claims represented $694,689 in forfeitures out of the $2,968,634 in forfeitures estimated for the total class. Id. Based on the proposed payment pool of $500,000, the claimants will receive approximately 72% of their forfeited monies. The claims administrators denied 126 claims as duplicative, outside the class, or deficient; six individuals opted out of the class, and no class member objected to the settlement. Id. ¶¶ 9–11.

Considering these factors, the Court finds that the reaction of the class has been favorable and supports approval. The settlement payment pool to class members was fully exhausted, while claimants will receive a substantial portion of their forfeited funds. The ratio of claimants who responded to notices relative to the total class pool is comparable to that in similar cases. See, e.g., Stoner v. CBA Info. Servs., 352 F. Supp. 2d 549, 552 (E.D. Pa. 2005) (16% claim rate out of approximately 11,000 class members collecting claims in the several-hundred dollar range). And there have been no objections and minimal opt-outs.

Moving to the plaintiffs' request for final approval of their attorney's fees, "[t]o evaluate whether a fee request is reasonable, a court can consider (1) the size of the fund created and the number of persons benefitted, (2) the presence or absence of substantial objections by class members to the settlement terms or fees requested by counsel, (3) the skill and efficiency of the attorneys involved, (4) the complexity and duration of litigation, (5) the risk of non-payment, (6)

the time devoted to the case by plaintiffs' counsel, and (7) awards in similar cases." Trobley v. Nat'l City Bank, 826 F. Supp. 2d 179, 204 (D.D.C. 2011).

Plaintiffs request approval of their attorney's fees of $283,333, which is approximately 33% of the $855,000 total settlement payment by the District, excluding $5,000 in incentive payments to the two class representatives. Plaintiffs suggest that a one-third fee is appropriate and common in similar cases. Mot for Approval at 4. They provide a list of class actions where courts in this district approved settlement fees between 45% and 23%. Id. at 4. They also point out that if the Court considers the District's contribution of roughly $150,000 worth of contract labor to help administer the settlement, then counsel's fees decrease to 28% of the District's total contribution. Id. at 2. Counsel for the District represented at the final fairness hearing that the District would not have incurred at least some of this labor expense but for the settlement.

As noted above, the size of the payment pool and the percentage of class members who responded are on par with typical class action settlement awards. No class members have objected and there were few opt-outs. Nothing in the course of this ligation indicates a lack of general skill or efficiency on the part of plaintiffs' attorneys. To the contrary, counsel appears to have handled the case quite effectively. In addition, the case was reasonably complex in that it involved questions of constitutional due process and presented significant administrative burdens due to the transient nature of the class members. Class counsel also risked non-payment prior to settlement. An award of 33% appears to be at the high end of the acceptable range, while 28% is within the mid-range of most cases. Trobley, 826 F. Supp. 2d at 205–206 ("fee awards nationally appear to fall in a range of 20% to 30% of the common fund, and that the fees in this Circuit mirror those nationwide numbers . . . . In some cases, the percentage has been even greater." (citing among others Radosti v. Envision EMI, LLC, 760 F. Supp. 2d 73, 78 (D.D.C. 2011) (awarding 33% of payment pool)).

3

Plaintiffs' counsel calculate their totals hours at 1123.4, resulting in an approximate hourly rate of $252.21. This hourly rate is not unusual; in fact, it is rather low compared with similar cases. See Trobley, 826 F. Supp. 2d at 205–206 (approving award of $3 million for approximately 1000 hours of work). Moreover, plaintiffs' counsel indicate that they expect to incur at least $6,000 in administrative expenses above the amount earmarked for such expenses in the settlement agreement, which will be paid out of their fees. Because the fee percentage relative to the award, while somewhat high in relation to similar cases, is within the range of acceptable fees, because plaintiffs' counsel have contributed considerable time to this case and appear to have handled it effectively, and because the additional costs incurred by the District and plaintiffs' counsel mitigate the fee ratio, the Court concludes that the fee is reasonable.

Therefore, upon review and consideration of the Consent Motion for Final Approval of Settlement of Class Action ("Motion for Final Approval") and the Unopposed Motion for Final Approval of Attorney's Fees, and following a final approval and fairness hearing held before the Court on June 19, 2014,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS**:

I.     FINAL APPROVAL OF SETTLEMENT

1.     The Court incorporates herein by reference and ratifies its prior order preliminarily approving the settlement [ECF 71] ("Preliminary Approval Order").

2.     The Court finds that the parties satisfied the notice provisions set forth in the Preliminary Approval Order.

3.     The settlement received a favorable reaction from the class. The approved claim rate was 14%, which is within the expected range for this type of settlement, and included fraud protection to protect the class fund from fraudulent claims. Out of 9,759 forfeitures found to have met one of the class definitions, only 6 persons (covering 8 forfeitures) opted opt. There were no

objections.

4. The Court finds that an award of fees as negotiated and set forth in the Settlement Agreement is fair and reasonable, considering the seven factors set forth in <u>Trombley v. Nat'l City Bank</u>, 826 F. Supp. 2d 179 (D.D.C. 2011).

5. The Court finally approves the Settlement Class Definitions:

<u>Failed Notice Class</u>. All individuals meeting the following criteria:
(1) The person was arrested by an officer of the District of Columbia Metropolitan Police Department ("MPD").
(2) The MPD took cash from the person.
(3) The District kept (or keeps) the person's cash (whether by storing, using, or depositing).
(4) On or after June 8, 2006, and on or before May 24, 2012, the District mailed an administrative forfeiture notice to the person, but the District did not receive back a signed mail receipt.
(5) The District did not re-send a notice regarding the cash upon failure to receive a signed mail receipt.
(6) The District did not within one year of the conclusion of the person's criminal case (or release without charge) file a civil forfeiture action.

<u>Jailed Notice Class</u>. All individuals meeting the following criteria:
(1) The person was arrested by an officer of the District of Columbia Metropolitan Police Department.
(2) The MPD took cash from the person.
(3) The District kept (or keeps) the person's cash (whether by storing, using, or depositing).
(4) The District mailed an administrative forfeiture notice to the person on or after June 8, 2006 (or before that date, but the person was in the custody of the District at the time and released from custody on or after June 8, 2006), and on or before May 24, 2012.
(5) At the time of mailing, the person was held by or in the custody of the District of Columbia Department of Corrections.
(6) The District did not mail or deliver an administrative forfeiture notice to the person at the place of incarceration, and did not re-send notice to the person after their release from custody.
(7) The District did not within one year of the conclusion of the person's criminal case (or release without charge) file a civil forfeiture action.

II. <u>PAYMENTS</u>

6. The Court approves payments to be disbursed as follows, in the timing and manner set forth in the Settlement Agreement ($855,000 total):

5

a. $2,500.00 to each of the class representatives;
   b. $14,001.85 for attorney's expenses
   c. $52,665.15 to Class Action Administration, Inc. ("CAA");
   d. $283,333.00 for attorney's fees; and
   e. $500,000.00 on approved claims.

IV.     FINAL JUDGMENT

7. This Order shall constitute final judgment and have *res judicata* and collateral effect against all class members meeting the definition(s) above, except for those persons who have opted out (listed in Exhibit 3 to the Motion for Final Approval).

**SO ORDERED.**

Date:   June 20, 2014

CHRISTOPHER R. COOPER
United States District Judge